UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC
Plaintiff,

v.

Case No. 8:14-cv-01582-MSS-MAP

WILLIAM LONG, fka
IP 173.65.134.40,
Defendant

**DEFENDANT LONG fka DOE (IP 173.65.134.40)**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant William Long fka Doe (IP 173.65.134.40) in this action, answers the Complaint and states as follows:

Introduction

1. Defendant denies that Plaintiff has any cause(s) of action against Defendant under the United States Copyright Act of 1976 or under any other legislation or at common law.

2. Denied in its entirety, including reference to Exhibits A and B.

3. Defendant has no personal knowledge of any of the movies referred to by Plaintiff.

Jurisdiction and Venue

4. Defendant denies that Plaintiff has any cause of action against him; however, he admits that this court has subject matter jurisdiction over matters involving federal questions and copyrights.

5. Defendant denies the allegations of this paragraph. Even if the IP address in question (173.65.134.40) was associated with the high-speed internet router located in

Defendant's home on or about any one of the fourteen different dates listed in Exhibit A, that fact alone would not give rise to jurisdiction over the Defendant's person. An IP address is not a person but a designation assigned to a piece of technology, which can be accessed by multiple individuals; in addition, in a process commonly known as "spoofing" an IP address can be stolen or misused as follows: other devices can be configured with the same IP address or an individual can utilize technology to make his or her own IP address to appear to be another IP address.

6. Defendant is without knowledge and denies this paragraph.

7. Defendant denies the allegations of this paragraph, except to admit that he is a resident within the geographic confines of this district.

Parties

8. Defendant has no personal knowledge of these facts and can neither confirm nor deny same.

9. Defendant admits that he is a resident of the State of Florida, otherwise denied.

10. Defendant has no personal knowledge of these facts and can neither confirm nor deny same.

Factual Background

I. Plaintiff owns the motion picture

11. Defendant has no personal knowledge of these allegations and can neither confirm nor deny same.

12. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

13. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

14. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

15. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

16. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

17. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

18. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

19. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

20. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

21. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

22. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

23. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

24. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

25. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

26. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

27. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

28. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

### Miscellaneous

29. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs.

30. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs.

### COUNT I

### Direct Infringement Against Defendant

31. Defendant's denials and statements in response to paragraphs 1-30 are hereby incorporated as though fully set forth herein.

32. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs. Defendant also disputes the validity of Plaintiff's alleged copyrights as a matter of law.

33. Defendant denies the allegations of this paragraph.

34. Defendant has no knowledge as to the Plaintiff's explicit authorization or permission as to any downloads of the Works in question. However, by uploading them to the internet as they allege they have done in this Complaint, they implicitly authorized public access, downloading, copying, distributing, and other use of their Works. Defendant denies having participated in any activity by which Plaintiff's alleged copyrights were infringed.

35. Defendant denies the allegations of this paragraph, including subparagraphs (A) through (D).

36. Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant respectfully requests that the Court find that the Plaintiff's Complaint is entirely without merit; immediately dismiss Plaintiff's Complaint, with prejudice; award Defendant his reasonable fees and costs of suit; and grant Defendant such other and further relief as the Court may deem equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

For its First Affirmative Defense, Defendant states Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdictional Failure to Register)

For its Second Affirmative Defense, Defendant states Plaintiff's claims are barred for a lack of subject matter jurisdiction because it lacks valid copyright registrations for the intellectual property rights asserted or has not properly or timely registered its works.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity or Unenforceability of Copyright)

For its Third Affirmative Defense, Defendant states Plaintiff's copyrights are invalid and/or unenforceable.

## FOURTH AFFIRMATIVE DEFENSE
### (Fair Use)

For its Fourth Affirmative Defense, Defendant states Plaintiff's claims are barred by the doctrine of fair use.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

For its Fifth Affirmative Defense, Defendant states Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff is engaged in professional extortion under the guise of copyright infringement, in that it engages in a "campaign" across the United States with the specific modus operandii of filing lawsuits against numerous Does in an attempt to leverage minimal filing fees into maximum settlements, all while evading Court scrutiny.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

For its Sixth Affirmative Defense, Defendant states Plaintiff's claims are barred by waiver.

## SEVENTH AFFIRMATIVE DEFENSE
### (Authorized Use)

For its Seventh Affirmative Defense, Defendant states Plaintiff authorized, impliedly or explicitly, Defendant's allegedly infringing use of its works, and Plaintiff's claims are therefore barred by the doctrine of implied license.

### EIGHTH AFFIRMATIVE DEFENSE
### (License, Consent, and Acquiescence)

For its Eighth Affirmative Defense, Defendant states Plaintiff's claims are barred by Plaintiff's license, consent, and acquiescence to Defendant.

### NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

For its Ninth Affirmative Defense, Defendant states that to the extent Plaintiff suffered any damages, which Defendant expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

### TENTH AFFIRMATIVE DEFENSE
### (Forfeiture or Abandonment)

For its Tenth Affirmative Defense, Defendant states Plaintiff's claims are barred to the extent it has forfeited or abandoned its intellectual property.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Misuse of Copyright)

For its Eleventh Affirmative Defense, Defendant states Plaintiff's claims are barred by the doctrine of misuse of copyright.

### TWELFTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

For its Twelfth Affirmative Defense, Defendant states Plaintiff's claims are barred, in whole or in part, because Defendant conduct was in good faith and with non-willful intent, at all times.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Unconstitutionally Excessive Damages)

For its Thirteenth Affirmative Defense, Defendant states Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Statutory Damages)

For its Fourteenth Affirmative Defense, Defendant states Plaintiff's claims for statutory damages under 17 U.S.C. § 504 is barred because Plaintiffs copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Injunctive Relief)

For its Fifteenth Affirmative Defense, Defendant states Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Offset)

For its Sixteenth Affirmative Defense, Defendant states Plaintiff's claims for damages require offset by any damages collected from any other Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Illegality)

For its Seventeenth Affirmative Defense, Defendant states that Plaintiff's alleged "investigator" is not licensed to conduct the activities alleged by Plaintiff and that said activities are in violation of Ch. 493.6120(1), Florida Statutes.

Pursuant to FRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore Defendant reserves the right to amend its answer to allege additional affirmative defenses, if subsequent investigation so warrants.

DATED this 18th day of November, 2014.

 /s/ Bradford A. Patrick
Bradford A. Patrick, Esq.
LAW OFFICE OF BRADFORD A. PATRICK, PA
Attorney for JOHN DOE
Florida Bar No.: 0529850
3001 North Rocky Point Drive East, Ste 200
Tampa, FL 33607
bap@baplegal.com

## CERTIFICATE OF SERVICE

I certify that on November 18, 2014, I electronically filed the foregoing with the Clerk of the Court by using the *CM/ECF* system for the Service List below and by US Mail otherwise.

/s/  BRADFORD A. PATRICK

## SERVICE LIST

VIA ECF:

**M. Keith Lipscomb**
Lipscomb, Eisenberg & Baker, PL
Penthouse 3800
2 South Biscayne Blvd.
Miami, FL 33131
786/431-2228
Fax: 786/431-2229
Email: klipscomb@lebfirm.com