UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 8:14-cv-01582-MSS-MAP |
| ) | |
| v. ) | |
| ) | |
| WILLIAM LONG, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
WITHIN WHICH TO SERVE EXPERT WITNESS REPORTS**

Plaintiff, Malibu Media, LLC, moves for entry of an order extending the time within which it has to serve its Expert Witness Reports on Defendant, and states:

1. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[I]n the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *Gevinson v. Unum Life Ins. Co. of Am.*, 2011 WL 767414, at *1 (M.D. Fla. 2011), *quoting United States v. Varner*, 13 F.3d 1503, 1507 (11th Cir.1994). "Further, the diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Gevinson*, 2011 WL 767414, at *1 (M.D. Fla. 2011).

2. Pursuant to this Court's Order entered on February 20, 2015 [CM/ECF 20], Plaintiffs Expert Disclosures are due by no later than today.

1

3. On March 23, 2015, Plaintiff served its Expert Witness List and Partial Report on Defendant. However, Plaintiff's expert cannot conduct his investigation and complete his Expert Witness Report because Defendant has not produced his hard drives for examination.

4. To explain, Plaintiff's Amended Complaint alleged direct copyright infringement of its works via the BitTorrent protocol on a computer device. On February 25, 2015 Plaintiff served its First Request for Production on Defendant, wherein Plaintiff requested production of forensically sound copies of all of Defendant's hard drives. Pursuant to the Federal Rules of Civil Procedure, Defendant's responses to Plaintiff's Request for Production are not due until March 30, 2015. Therefore, Plaintiff has not yet received Defendant's hard drives or any responses to its discovery requests.

5. Upon receipt of Defendant's hard drives or images thereof, Plaintiff will forward the devices to its expert, Patrick Paige ("Mr. Paige"), for a forensic investigation to determine whether there is evidence of: (1) Plaintiff's copyrighted works; (2) BitTorrent use; (3) spoliation; and (4) suppression of evidence.

6. Without possession of the Defendant's hard drives, Mr. Paige is unable to ascertain the size of the hard drives or how much data each contains. *See* Patrick Paige's Declaration, attached hereto as Exhibit A, ¶19. Accordingly, he is unable to determine an examination completion date. *Id.*

7. Notwithstanding the foregoing, the process of analyzing a computer's hard drive typically takes a few weeks. *See* Exhibit A, ¶20. Indeed, depending on the size of the hard drives and the amount of hard drives to be examined at any given time, making forensic copies and verifying the accuracy of those copies could take more than a business day. *Id.* Thereafter, analysis is performed on the forensic images to ascertain if a BitTorrent client, peer-to-peer

client, Plaintiff's copyrighted works, and any evidence thereof are on the hard drives. *Id*. If not, the process continues by searching for evidence of deletions, spoliation, or suppression of evidence. *Id*. All of the files on a hard drive which have been spoiled are potentially relevant. *Id*. And, proving that a hard drive has missing files requires an analysis of the files that are remaining on the hard drive. *See* Exhibit A, ¶20. Accordingly, when there have been deletions or spoliation, the process of uncovering that fraud is a labor intensive and time consuming process which can take weeks. *Id*.

8. Accordingly, upon receipt of all pertinent hard drives, Mr. Paige will require several weeks to examine the devices and finalize his expert report.

9. Therefore, good cause exists to grant the instant motion.

10. This request is made in good faith and not made for the purpose of undue delay.

11. No party will be prejudiced by the relief requested herein.

12. Plaintiff requires an extension of at least ninety (90) days within which its expert may review any information produced by Defendant in response to the discovery requests, and complete his report.

13. Plaintiff attempted to confer with defense counsel via telephone and e-mail. However, at the time of this filing, defense counsel has not responded.

WHEREFORE, Plaintiff respectfully requests that the time within which it must serve its expert reports on Defendant be extended by ninety (90) days, or until June 22, 2015, and that all affected case management deadlines be adjusted accordingly. A proposed order is attached for the Court's convenience.

Dated:  March 23, 2015

Respectfully submitted,

By: */s/ M. Keith Lipscomb*
M. Keith Lipscomb, Esq.
Lipscomb, Eisenberg & Baker, PL
2 South Biscayne Blvd., PH 3800
Miami, FL 33131
Tel: (786) 231-2228
Fax: (786) 431-2229
E-mail: klipscomb@lebfirm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: */s/ M. Keith Lipscomb*