**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                 Case No: 8:14-cv-1582-T-35MAP

WILLIAM LONG,

    Defendant.

_____

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion to Strike. (Dkt. 17) Defendant has failed to respond to the motion and the time for doing so has long since passed. M.D. Fla. Local Rule 3.01(b) (requiring response to motion within fourteen days). Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS in part** Plaintiff's Motion to Strike (Dkt. 17) as described herein.

**I.    BACKGROUND**

Plaintiff commenced this copyright infringement action against Defendant on June 27, 2014 (Dkt. 1), and filed an amended complaint on October 13, 2014, through which it alleges that Defendant has copied and distributed twenty-three (23) of Plaintiff's copyrighted works via use of the Bit Torrent distribution network, all without Plaintiff's consent, (Dkt. 11). Plaintiff asserts a claim for direct copyright infringement, and requests that (i) Defendant delete and permanently remove, and be enjoined from continuing to infringe, Plaintiff's copyrighted works and (ii) Plaintiff be awarded its

statutory damages and reasonable attorneys' fees and costs pursuant to 17 U.S.C. §§ 504–05.  (Id.)

Defendant filed his Answer on November 18, 2014, and raised seventeen (17) affirmative defenses.  (Dkt. 13)  Plaintiff then filed a motion to strike arguing that Defendant's affirmative defenses should be stricken because they are legally insufficient and invalid as a matter of law.  (Dkt. 14)  The Court struck the initial motion finding that it failed to comply with Local Rule 3.01(g).  (Dkt. 15)  Thereafter Plaintiff filed the instant motion, which does include the required 3.01(g) notice.

## II.  LEGAL STANDARD AND ANALYSIS

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  However, "[a] motion to strike is a drastic remedy, which is disfavored by the courts."  Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations omitted).  Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  Falzarano v. Retail Brand Alliance, Inc., No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008) (citations and internal quotations omitted).  An affirmative defense will be stricken if it is insufficient as a matter of law.  See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  "A defense is insufficient as a matter of law if (1) on the face of the pleadings, it is patently frivolous or (2) if it is clearly invalid as a matter of law."  Microsoft Corp. v. Jessee's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002).

A significant debate has arisen throughout the country and amongst the District Courts within the Eleventh Circuit regarding whether the plausibility pleading standard applicable to causes of action likewise applies to affirmative defenses.[1]

> Courts extending the Iqbal–Twombly standard to affirmative defenses typically do so for three reasons. First, fairness and historical practice dictate that the same standard should apply to both sides alike. Second, similar language calls for similar interpretations. Third, the primary policy behind the Iqbal–Twombly standard (weeding out frivolous claims early) applies equally to affirmative defenses.
>
> Courts refusing to extend the Iqbal–Twombly standard to affirmative defenses typically do so for two reasons. First, the text of Rule 8 does not support the extension. Whereas its pleading provision uses, "showing," its response and affirmative-defense provisions use, "state," and Iqbal's and Twombly's analyses relied on "showing." Second, the 21–day response period is insufficient time to gather information necessary to include supporting factual allegations.

Moore v. R. Craig Hemphill & Associates, 3:13-CV-900-J-39-PDB, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014) (footnotes omitted).

---

1 Compare Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc., 12-61670-CIV, 2013 WL 4496510, at *4 (S.D. Fla. Aug. 22, 2013) ("[I]n the end analysis, this Court is ultimately convinced of the correctness of the cases holding that the clearness in the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses."), Weekes-Walker v. Macon County Greyhound Park, Inc., 877 F. Supp. 2d 1192, 1211–12 (M.D. Ala. 2012) ("[T]his Court has joined the growing minority of courts to have held that the plausibility pleading standards of Twombly/Iqbal do not apply to affirmative defenses."), Great Am. Assur. Co. v. Sanchuk, LLC, 8:10-CV-2568-T-33AEP, 2012 WL 1656751, at *2 n.3 (M.D. Fla. May 10, 2012) ("[T]his Court has held that the heightened pleading standards do not apply to affirmative defenses."), Sec. Life of Denver Ins. Co. v. Shah, CV411-008, 2011 WL 3300320, at *1 (S.D. Ga. Aug. 1, 2011) ("But heightened 'plausibility' standards simply cannot apply to affirmative defenses."), and Floyd v. SunTrust Banks, Inc., 1:10-CV-2620-RWS, 2011 WL 2441744, at *7 (N.D. Ga. June 13, 2011) ("[A]s for the affirmative defenses, Defendants are not required to meet the heightened standard of Iqbal and Twombly."), with S.E.C. v. BIH Corp., 2:10-CV-577-FTM-29, 2013 WL 1212769, at *1 (M.D. Fla. March 25, 2013) ("As with any pleading, an affirmative defense must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests, and state a plausible defense." (citations omitted)), Royal Caribbean Cruises, Ltd. v. Jackson, 921 F. Supp. 2d 1366, 1372 (S.D. Fla. 2013) (applying Iqbal and Twombly to affirmative defenses), and Home Mgmt. Solutions, Inc. v. Prescient, Inc., 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (same).

Currently, the clear trend in the case law is towards not applying plausibility pleading to affirmative defenses.  See William M. Janssen, The Odd State of Twiqbal Plausibility in Pleading Affirmative Defenses, 70 WASH. & LEE L. REV. 1573, 1606 (2013) ("[T]here is indeed today a national majority on the issue of Twiqbal's applicability to affirmative defenses, but it is decidedly in the direction of refusing to apply 'plausibility' to such pleadings.  If those opinions that sidestepped the issue are removed from the study, the resulting margin is more striking still-judges are rejecting Twiqbal for testing affirmative defenses by very nearly a two-to-one margin.").

Neither the Eleventh Circuit, nor any other Court of Appeals, appears to have addressed the issue.  This Court is persuaded by the burgeoning majority approach based on its fidelity to the text of Rules 8(b) and 8(c), and the "the longstanding adversity to striking an affirmative defense unless it does not have any possible connection to the controversy and might prejudice a party if it remains."  Moore, 2014 WL 2527162, at *2.

Thus, "[h]aving concluded that Twombly/Iqbal do not apply to the pleading of affirmative defenses, the Court reverts to the extant Eleventh Circuit test: whether the defendant's pleading of its affirmative defenses provides the plaintiff with fair notice." E.E.O.C. v. Joe Ryan Enterprises, Inc., 281 F.R.D. 660, 664 (M.D. Ala. 2012) (citing Pulliam v. Tallapoosa County Jail, 185 F.3d 1182, 1185 (11th Cir. 1999)).

However, even under the applicable notice pleading standard, many of the defenses fail.

Defendant asserts the following affirmative defenses: (1) failure to state a claim for relief; (2) lack of subject matter jurisdiction failure to register, (3) invalidity or unenforceability of copyright; (4) fair use; (5) unclean hands; (6) waiver; (7) authorized

used; (8) license, consent, and acquiescence; (9) failure to mitigate damages; (10) forfeiture or abandonment; (11) misuse of copyright; (12) innocent intent; (13) unconstitutionally excessive damages; (14) statutory damages; (15) injunctive relief; (16) offset; and (17) illegality.  (Dkt. 13)   Plaintiff concedes that the unclean hands defense is sufficiently pled, seeks to convert four of the affirmative defenses into specific denials, and moves to strike the remaining twelve defenses.   (Dkt. 17)

While the Court is typically reticent to strike affirmative defenses, several asserted here are wholly insufficient.

"Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case.  Therefore, it is not properly asserted as an affirmative defense."   Boldstar Technical, LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007).   Defendant's First Affirmative Defense is therefore **STRICKEN**.

Likewise, even under a notice pleading standard, defenses two (lack of subject matter jurisdiction failure to register), three (invalidity or unenforceability of copyright); four (fair use), fourteen (statutory damages); fifteen (injunctive relief); sixteen (offset), and seventeen (illegality), are either not affirmative defenses or require further indication of how they might apply to the facts of this case to put Plaintiff on notice of what is being alleged.   Accordingly, they are **STRICKEN**.

Defenses ten (forfeiture or abandonment), eleven (misuse of copyright), twelve (innocent intent), and thirteen (unconstitutionally excessive damages) also require further explanation and allegations to potentially be applicable here.

Defenses five (unclean hands), six (waiver), seven (authorized used), eight (license, consent, and acquiescence), and nine (failure to mitigate damages) are either adequately alleged or are sufficiently commonplace for Plaintiff to be on notice of what is being asserted against it.

Consistent with the foregoing, it is hereby **ORDERED** that Plaintiff's Motion to Strike (Dkt. 17) is **GRANTED in part**.  To the extent Defendant wishes to re-plead defenses two, three, four, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, or seventeen, he must do so within **fourteen (14) days** from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of April, 2015.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person